UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOBBY R. LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-299 |
| ) | (PHILLIPS /SHIRLEY) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 18], filed September 17, 2008. On July 30, 2008, this Court filed a Report and Recommendation [Doc. 14] recommending that the District Court grant the Plaintiff's Motion for Summary Judgment in so far as it sought alternative relief in the form of a remand. District Court Judge Thomas Phillips accepted the Report and Recommendation in whole [Doc. 15], and a Judgment [Doc. 16] was entered remanding the action to the Commissioner under sentence four of 42 U.S.C. § 405(g). Plaintiff now requests the Court enter an Order awarding attorney's fees in the amount of $3,458.10[1] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

---

[1] The Plaintiff claims 0.2 hours of attorney time at a rate of $154.00, 19.7 hours of attorney time at a rate of $159.00, and 5.9 hours of paralegal time at a rate of $50.00.

Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

> 1. Plaintiff must be a prevailing party;
>
> 2. The government's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1).

In this case, plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner has filed a Response, stating he does not oppose Plaintiff's request for EAJA attorney's fees, and he thereby concedes that the Government's position in this matter was not substantially justified. [Doc. 20]. Further, the Court is not aware of, nor have the parties cited to, any "special circumstances" that would make an award of attorney's fees unjust. Finally, the Order [Doc. 15] and the Judgment [Doc. 16] remanding the case were entered August 27, 2008. The Plaintiff filed his motion for attorney's fees on September 17, 2008, and thus, his motion was timely.

Based upon the foregoing, the Court concludes that the Plaintiff has met the four conditions to an award under the EAJA, and it is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 18]** be **GRANTED**, and the Plaintiff be awarded $3,458.10 in attorney's fees.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).